THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK KUHL, Defendant-Appellant.

(No. 71-231; 

Fifth District—July 20, 1972.

John J. Hoban, of Belleville, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Jack Kuhl, and two others were charged with armed robbery. This defendant was also charged with rape. The defendant entered guilty pleas to each of the charges and a hearing in aggravation and mitigation was held. The hearing revealed that at the time of the crimes the defendant was twenty-three years old. He said that he never went to high school and that he has had several jobs in the past but does not want to work. He received probation for burglary as a juvenile and also served a year for another burglary as an adult. At the conclusion of the hearing the defendant was sentenced to serve twenty-five to ninety-nine years for the armed robbery and ninety-eight to ninety-nine years for the rape, the sentences to run concurrently.

The defendant has appealed maintaining that the sentences are excessive. He points out that there were two other individuals involved in the same robbery who also plead guilty to the charge of armed robbery and were each sentenced to serve five to ten years for their crimes. They each appealed their sentences to this court alleging that the sentences were excessive. This court reduced the minimum in each case to two years while leaving the maximum at ten years.

It is clear that the Appellate Court may order a reduction of sentence if it appears that the sentence is excessive. (Ill. Rev. Stat. 1971, ch. 110A, par. 615 (b) (4).) These sentences are excessive. Considering all the facts in this case we do not feel that this defendant is entitled to the same term as his co-defendants in the armed robbery. We therefore reduce his armed robbery sentence to a minimum of three years and a maximum of ten years. The rape sentence is reduced to a minimum of ten years and a maximum of thirty years with the sentences to run concurrently. We feel that these sentences would provide for the possible rehabilitation of the defendant while affording society adequate protection. The sentences are therefore so reduced.

Affirmed as modified.

G. MORAN, P. J., and EBERSPACHER, J., concur.